IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KOVA BRISTOL TENN 1894, LLC, <br> A Florida Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> BRISTOL PRESERVATION, LLC, <br> A Tennessee Limited Liability Company, <br><br> Defendant. | Docket No. 2:19-cv-00084 |

## ANSWER AND COUNTERCLAIM

Bristol Preservation, LLC ("Bristol Preservation"), by and through counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, submits the following Answer to Plaintiff KOVA Bristol Tenn 1894, LLC's ("KOVA"), Complaint:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted.

4. Admitted.

5. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

6. Admitted.

7. Admitted.

8. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted that Bristol Preservation would, as of April 1, 2018, "deliver the Leased Premises to Tenant in an operating condition (not including further work to be completed as provided under th[e] Lease) to be immediately opened for business." The remaining allegations are denied.

13. Admitted.

14. Admitted.

15. Admitted that prior to April 1, 2018, Bristol Preservation was required to obtain, at its sole cost and expense, an HVAC assessment of the Lease Premises and an air quality assessment of the Clubhouse. The remaining allegations are denied.

16. Admitted but only to the extent that Bristol Preservation agreed to repair or replace the HVAC only if the HVAC assessment required in 1(d) revealed any defects. The remaining allegations are denied.

17. Admitted that KOVA could elect to cause Bristol Preservation to remediate the air quality but only if the air quality assessment required in 1(d) was not satisfactory.

18. Admitted.

19. Admitted that KOVA was to pay a Monthly Percentage Rent and a F&B Percentage Rent, as those terms are defined in Paragraphs 5(b) and 5(c) of the Lease.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted that Bristol Preservation was responsible for the initial cost of the Third Phase Interior Improvements and that KOVA was required to reimburse Bristol Preservation as set forth in Paragraph 7(c).

24. Admitted that the Lease so states but denied that rent shall abate.

25. Admitted.

26. Admitted that Bristol Preservation was responsible for the initial cost of the Exterior Improvements and that KOVA was required to reimburse Bristol Preservation as set forth in Paragraph 7(d).

27. Admitted that the Lease so states but denied that rent shall abate.

28. Admitted.

29. Denied as stated. KOVA was required to work with Bristol Preservation prior to commencing the Main Level Renovations. Bristol Preservation states that KOVA failed to perform in accordance with its contractual obligations as set forth in Paragraph 7(e).

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted but denied that Paragraph 8(a) refers to the Property, as it pertains to the foundations, structure, and roof of the Leased Premises.

35. Denied as stated, as KOVA has to meet certain contractual preconditions set forth in Paragraph 22 before those remedies are available to KOVA.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted that Bristol Preservation had mold and asbestos discovered in Clubhouse remediated and removed.

44. Bristol Preservation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Denied.

46. Admitted but denied that KOVA installed said lights.

47. Admitted but denied that KOVA installed said outlets.

48. Bristol Preservation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Bristol Preservation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Bristol Preservation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Bristol Preservation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

56. Admitted that KOVA stated such in its letter but denied that Bristol Preservation breached the terms of the Lease.

57. Denied.

58. Denied.

59. Denied.

60. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

71. Admitted that Bristol Preservation represented that it would "deliver the Leased Premises to Tenant in an operating condition (not including further work to be completed as provided under this Lease) to be immediately opened for business." The remaining allegations are denied.

72. Admitted that Bristol Preservation represented that there was no existing mold in the Clubhouse as of April 1, 2018. The remaining allegations are denied.

73. Admitted that Bristol Preservation entered into certain contractual obligations regarding the Second Phase Interior Improvements, which are set forth in Paragraph 7(b) of the Lease. The remaining allegations are denied.

74. Admitted that Bristol Preservation entered into certain contractual obligations regarding the Third Phase Interior Improvements, which are set forth in Paragraph 7(c) of the Lease. The remaining allegations are denied.

75. Admitted that Bristol Preservation entered into certain contractual obligations regarding the Exterior Improvements, which are set forth in Paragraph 7(d) of the Lease. The remaining allegations are denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

81. Admitted.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

89. Admitted.

90. Bristol Preservation was generally aware that KOVA was to operate a golf club and attract patrons but denied that Bristol Preservation had knowledge of specific relationships with third-party members of the country club.

91. Bristol Preservation was generally aware that KOVA was to operate a golf club and attract patrons but denied that Bristol Preservation had knowledge of specific prospective relationships with third-party members of the country club.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Bristol Preservation incorporates by reference its answers to the foregoing paragraphs.

99. Admitted that KOVA has employed counsel but denied that such employment was caused by Bristol Preservation's actions.

100. Denied.

Bristol Preservation denies the remaining allegations in the Complaint, including that KOVA is entitled to any relief whatsoever.

For further affirmative defense, Bristol Preservation states as follows:

1. KOVA has failed to state a claim for which relief may be granted.

2. KOVA materially breached the lease for (a) failure to cooperate in good faith in Bristol Preservation's attempts to complete the work required by the Lease (b) failure to pay rent pursuant to Lease Paragraph 5 and its various subparts, (c) failure to pay taxes pursuant to Paragraph 12, (d) failure to maintain insurance pursuant to Paragraph 32, and (e) failure to operate the Golf Course, Clubhouse, and other facilities located at the Leased Premises in a professional and competent manner pursuant to Paragraph 9 and KOVA's material breaches of the Lease discharged Bristol Preservation's obligations under the Lease and bars KOVA's claims pursuant to the doctrines of waiver, estoppel, unclean hands, and ratification.

3. KOVA's failure to give proper notice under the Lease bars KOVA's claims.

4. To the extent that KOVA was contractually excused from paying any monies owed to Bristol Preservation under the Lease due to Bristol Preservation's actions, KOVA waived such right and/or Bristol Preservation's alleged breaches of the Lease by paying rent to Bristol Preservation in the months of September, October, and November 2018.

5. Bristol Preservation's full performance of its obligations under the Lease bars KOVA's claims.

6. KOVA "inspected and [was] fully familiar with the physical condition of the Leased Premises," and KOVA's knowledge of the Leased Premises bars KOVA's claims. (*See* Lease Paragraph 16).

7. KOVA's claims are barred because the losses it alleges were due to its own failures or omissions, its own conduct or negligence, or its own failure to mitigate.

8. KOVA's claim are barred because it has no legally recognizable injury and any alleged damages are speculative and not recoverable as a matter of law.

WHEREFORE, Bristol Preservation respectfully requests that the Complaint be dismissed with prejudice with all costs taxed to KOVA.

## COUNTERCLAIM

Bristol Preservation, for its Counterclaim against KOVA, states as follows:

1. Bristol Preservation is a Tennessee Limited Liability Company, and its members are citizens of Tennessee.

2. KOVA is a Florida Limited Liability Company, and upon information and belief, its sole member is a citizen of Florida.

3. Jurisdiction and venue are appropriate in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

### Factual Background

4. The parties entered into a Lease on April 10, 2018.

5. As part of the Lease, KOVA agreed to make certain payments to Bristol Preservation:

   a. Pursuant to Lease Paragraph 5(a), KOVA agreed to pay fixed annual rent in the amount of $75,000, payable in equal monthly installments of $6,250 ("Monthly Fixed Rent").

   b. Pursuant to Lease Paragraph 5(b), KOVA agreed to pay five percent of its gross revenue, as that term is defined in the Lease, to Bristol Preservation ("Monthly Percentage Rent").

  c. Pursuant to Lease Paragraph 5(c), KOVA agreed to pay five percent of its gross revenue associated with food and beverage to Bristol Preservation ("F&B Percentage Rent").

6. Monthly Fixed Rent, Monthly Percentage Rent, and F&B Percentage Rent were "due without demand."

7. With the exception of September, October, and November 2018, KOVA has failed to pay its Monthly Fixed Rent.

8. With the exception of November 2018, KOVA has failed to pay its Monthly Percentage Rent or F&B Percentage Rent.

9. Pursuant to Lease Paragraph 12, KOVA was responsible for paying all state and local real estate taxes.

10. KOVA has failed to pay any state or local real estate taxes.

11. Pursuant to Lease Paragraph 13, KOVA was responsible for paying all utility charges.

12. KOVA did not begin paying utilities until October 2018.

13. As part of the Lease, KOVA agreed to cooperate with Bristol Preservation in the completion of Bristol Preservation's work on the Lease Premises.

14. KOVA has failed to properly communicate with Bristol Preservation in the completion of Bristol Preservation's work.

15. Specifically, Bristol Preservation coordinated several contractors to perform the work required by the Lease.

16. For example, Bristol Preservation introduced KOVA to J.A. Street and Associates to perform certain work, and KOVA began direct communications with J.A. Street and Associates.

17. Eventually, and at no fault of Bristol Preservation, KOVA ceased communications with J.A. Street and Associates.

18. KOVA's failure to communicate with these contractors and Bristol Preservation to allow for the completion of the work has prohibited KOVA from "manag[ing] and operat[ing] the Golf Course, Clubhouse, and other facilities located at the Leased Premises on a continual basis through the term of the Lease and in a professional and competent manner . . . ." (*See* Lease Paragraph 9).

19. Pursuant to Lease Paragraph 32, KOVA is required to maintain commercial general liability insurance and property insurance.

20. KOVA provided Bristol Preservation a Certificate of Insurance showing that its insurance expired on April 10, 2019.

21. KOVA is in breach of Lease Paragraph 32 for failure to maintain appropriate insurance coverage since April 10, 2019.

22. Lease Paragraph 42(j) provides for reimbursement of "all reasonable costs, charges, and expenses, including attorney's fees" if Bristol Preservation employs an attorney to enforce the Lease against KOVA.

23. Accordingly, Bristol Preservation is entitled to "all reasonable costs, charges, and expenses, including attorney's fees" in this lawsuit.

**Count I – Breach of Contract**

24. Bristol Preservation incorporates by reference the allegations in the foregoing paragraphs.

25. The Lease is a valid and enforceable contract.

26. KOVA failed to pay rent pursuant to Lease Paragraph 5 and its various subparts, and these actions constitute a material breach of the Lease.

27. KOVA failed to pay taxes pursuant to Lease Paragraph 12, and these actions constitute a material breach of the Lease.

28. KOVA failed to maintain appropriate insurance coverage since April 10, 2019 pursuant to Lease Paragraph 32, and these actions constitute a material breach of the Lease.

29. KOVA failed to communicate with Bristol Preservation and Bristol Preservation's contractors for the completion of the work required by the Lease has prohibited KOVA from "manag[ing] and operat[ing] the Golf Course, Clubhouse, and other facilities located at the Leased Premises on a continual basis through the term of the Lease and in a professional and competent manner . . . ." (*See* Lease Paragraph 9). These actions constitute a material breach of the Lease.

30. Bristol Preservation has suffered damages as a result of these breaches, in an amount to be proven at trial, but not less than $75,000, and Bristol Preservation is also entitled to its reasonable attorneys' fees, costs, charges, and expenses as a result of KOVA's breaches pursuant to Lease Paragraph 42(j).

### Count II – Breach of Duty of Good Faith and Fair Dealing

31. Bristol Preservation incorporates by reference the allegations in the foregoing paragraphs.

32. The Lease is a valid and enforceable contract.

33. KOVA had a duty to exercise good faith and fair dealing in fulfilling its contractual obligations under the Lease and in dealing with Bristol Preservation.

34. KOVA breached the duty of good faith and fair dealing by failing to cooperate with Bristol Preservation when Bristol Preservation attempted to complete the improvements required

by Lease Paragraph 7 and its various subparts and then demanding that Bristol Preservation complete those improvements and later attempting to setoff or avoid its contractual obligations under the Lease.

35. KOVA breached the duty of good faith and fair dealing by failing to operate the Golf Course, Clubhouse, and other facilities located at the Leased Premises in a professional and competent manner, as required by Lease Paragraph 9.

36. KOVA breached the duty of good faith and fair dealing by failing to pay rent pursuant to Lease Paragraph 5 and its various subparts, failure to pay taxes pursuant to Paragraph 12, and failure to maintain adequate insurance pursuant to Paragraph 32.

37. Bristol Preservation has suffered damages as a result of these breaches, in an amount to be proven at trial, but not less than $75,000, and Bristol Preservation is also entitled to its reasonable attorneys' fees, costs, charges, and expenses as a result of KOVA's breaches pursuant to Lease Paragraph 42(j).

## Count III – Ejectment or Unlawful Detainer

38. Bristol Preservation incorporates by reference the allegations in the foregoing paragraphs.

39. Bristol Preservation has failed to pay rent or taxes in direct breach of the terms of the Lease.

40. As a result, and pursuant to Tennessee Code Annotated § 29-18-104, KOVA remains in unlawful possession of the premises, and Bristol Preservation is entitled to retake possession of the leased premises, as well as its reasonable attorneys' fees, costs, charges, and expenses as a result of KOVA's breaches pursuant to Lease Paragraph 42(j).

## Count IV – Injunctive Relief

41. Bristol Preservation incorporates by reference the allegations in the foregoing paragraphs.

42. KOVA possesses, as a tenant, the land owned by Bristol Preservation.

43. KOVA was contractually obligated to pay taxes and rent.

44. KOVA has failed to pay taxes and rent.

45. Bristol Preservation is entitled to injunctive relief, pursuant to Tennessee Code Annotated § 29-1-102 and Federal Rule of Civil Procedure 65, because it will suffer immediate and irreparable harm should KOVA continue to possess the property without paying rent or taxes.

46. The irreparable harm to Bristol Preservation in the absence of an injunction outweighs any harm suffered by KOVA based on the relief sought. The only harm KOVA will suffer is that it has to comply with its contractual obligations, behavior it should have exhibited in the first place.

47. The public interest will not be harmed by issuance of an injunction.

WHEREFORE, Bristol Preservation respectfully requests that this Court provide the following relief:

   a. That Bristol Preservation be awarded compensatory, incidental, and consequential damages, attorneys' fees and costs, and pre- and post-judgment interest, all in an amount to be proven at trial, but not less than $75,000.

   b. That KOVA be dispossessed of all of the property which is the subject of the Lease.

   c. That KOVA be enjoined from occupying and possessing Bristol Preservation's property without paying rent and taxes.

   d. All other relief at law or in equity that this Court deems just and proper.

Respectfully submitted this 14th day of June, 2019.

**PAINE, TARWATER, and BICKERS, LLP**

/s Dwight E. Tarwater
Dwight E. Tarwater (BPR #007244)
det@painetarwater.com
Adam R. Duggan (BPR #035121)
ard@painetarwater.com
900 South Gay Street, Suite 2200
Knoxville, Tennessee 37902
865-525-0880

**THE ISAACS LAW FIRM**

/s Gregory Isaacs
Gregory Isaacs (BPR #013282)
gpi@isaacslawfirm.com
618 South Gay Street, Suite 300
Knoxville, Tennessee 37902
865-673-4953

*Counsel for Defendant Bristol Preservation, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2019, the foregoing was served on the following via the Court's electronic filing system:

William A. Reeves
Lindsey L. Hobbs
WISE & REEVES, PLLC
Two Centre Square, Ste. 160
625 S. Gay Street
Knoxville, TN 37902

/s Dwight E. Tarwater