UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KOVA BRISTOL TENN 1894, LLC, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) 2:19-CV-00084-DCLC |
| | ) |
| vs. | ) |
| | ) |
| BRISTOL PRESERVATION, LLC, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**MEMORANDUM OPINION AND ORDER ON
OBJECTIONS TO REPORT AND RECOMMENDATION**

Pending before this Court is the Report and Recommendation from the Magistrate Judge [Doc. 40] recommending that the Court grant Defendant's Motion for Possession of the Property [Doc. 15]. Plaintiff has timely filed several objections to the Report and Recommendation. [Doc. 42]. Those are now before the Court.

**I.  BACKGROUND**

This case involves a dispute over a Lease Agreement of a Country Club consisting of a golf course, a clubhouse and a maintenance facility in Sullivan County, Tennessee. Plaintiff sued claiming Defendants had breached the Lease Agreement by failing to complete renovations as agreed to in the Lease Agreement within the deadlines agreed upon. Defendant answered and counterclaimed, alleging that Plaintiff was in breach of the agreement for various reasons, including its failure to pay the property taxes as required by the lease.

On August 5, 2019, Defendant filed a Motion for Judgment of Possession under Fed.R.Civ.P. 64 and Tenn. Code Ann. § 29-18-101 *et seq.* [Doc. 15]. Defendant argued that it was entitled to a judgment for possession of the property and that the Clerk enter a writ of possession.

1

District Judge Varlan referred the motion to Chief Magistrate Judge Guyton, who held an evidentiary hearing on the motion on October 17, 2019. On January 15, 2020, Magistrate Judge Guyton filed his Report and Recommendation, recommending Defendant's Motion for Judgment for Possession [Doc. 15] be granted.

In particular, the magistrate judge found that the Lease Agreement required Plaintiff to pay both rent, which was based on a several factors and percentages, and property taxes. Likewise, he found the Lease also imposed on Defendant the obligation to timely complete renovation projects detailed in the agreement or face an abatement of rent. After an evidentiary hearing, he found that "while both parties[,] to some extent, did not fully comply with the Lease Agreement, Plaintiff committed a material breach when it failed to pay taxes on the Property." [Doc. 40, pg. 21]. He found Plaintiff did not claim he paid taxes on the property.[1]

As to the renovations, he found both parties failed to meet their obligations under the lease. He detailed those deficiencies in his Report, which the Court will not recount here, but found those deficiencies not material [*Id.*]. He noted that the Lease Agreement provided for the reduction of rent payments Plaintiff owed Defendant in the event Defendant failed to timely complete the renovation. The Agreement did not, however, excuse Plaintiff from paying the property taxes in the event the renovations were delayed.

The magistrate judge interpreted the Plaintiff's failure to pay the property taxes in accordance with the Lease Agreement as a material breach of the Agreement, authorizing Defendant to pursue any available legal and equitable remedies under the law. Defendant chose termination of the lease and eviction. He further found that Defendant had satisfied the

---

[1] To be clear, Plaintiff objects to this finding of fact. As is detailed herein, Plaintiff's claim that he paid taxes is based not on his actual payment of the taxes, but on his claim that he wrongfully paid rent for which he should receive a setoff against his tax obligation.

requirements to evict Plaintiff from the property consistent with Tennessee's unlawful detainer statute, Tenn. Code Ann. § 29-18-101 *et seq.* Accordingly, he recommended Defendant's motion for possession be granted.

On January 28, 2020, Plaintiff objected to the Report and Recommendation [Doc. 42]. First, Plaintiff objected to the finding that Defendant's failure to timely complete the renovations was a not a material breach of the Lease Agreement. Second, Plaintiff objected to the magistrate judge's finding that it had "breached the Lease by failing to pay taxes." [Doc. 42, pg. 2]. Third, it objected to the magistrate judge's finding that it had failed to fulfill its obligations in the Third Phase Interior Improvements. Fourth, it objected to the application of the Tennessee unlawful detainer statute applying in federal court under Fed.R.Civ.P. 64. Fifth, it objected to the Report relying on inadmissible hearsay and other "factual findings and omissions." [*Id.*]

## II. STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties object. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

### A. Plaintiff objects to Report's finding Defendant did not materially breach the Lease Agreement.

Plaintiff's first objection is to the Report's conclusion that Defendant did not materially breach the Lease Agreement regarding its obligation to timely complete the agreed upon

renovations.  In this regard, Plaintiff argues Tennessee law provides for courts to consider five factors in determining the materiality of a breach.  Plaintiff argues the Report lacks any analysis of those factors, and that had the magistrate judge analyzed Defendant's conduct using those factors, he would have reached a different conclusion.

>The factors Plaintiff contends the Report failed to analyze are as follows:
>
>(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
>(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
>(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Forrest Constr. Co. v. Laughlin*, 337 S.W.3d 211, 225–26 (Tenn. Ct. App. 2009) (quoting *Restatement (Second) of Contracts* § 241).  Plaintiff did not analyze each of these factors in its objection to the Report and Recommendation, and neither will the Court.  The Court will address what the Court determines to be Plaintiff's objection in this regard.

The first factor addresses the reasonable expectations of the parties.  The second factor addresses adequate compensation in the event of a breach.  In this case, the parties agreed that the renovations were to be completed by a certain date.  That date passed without Defendant completing those renovations.  The consequence of this failure, as the magistrate judge noted, was an abatement in rent payments or a termination of the Agreement.  Plaintiff did not choose to terminate the lease.  Likewise, the parties by agreement placed on Plaintiff the unconditional obligation to pay the property taxes.  Although they agreed to reduce monthly rent payments in the event of delays in the completion of the renovations, they did not provide for a similar

4

abatement for property taxes.

The magistrate judge found Plaintiff's failure to pay the property taxes deprived Defendant of the benefit for which it reasonably expected to receive. Moreover, the failure to pay property taxes can result in the forfeiture of the property. The magistrate judge did not error in finding Plaintiff's failure to pay property taxes a material breach.

Plaintiff contends that the magistrate judge should have found that Defendant's failure to complete the renovations deprived it of a substantial portion of the leased property for which it contracted. The magistrate judge did not find otherwise. In fact, the magistrate judge found Defendant had breached the Lease Agreement and that the consequence was provided for in the lease itself. He found that the appropriate time to address the consequential monetary damages for failure to complete the renovations would be at a trial on damages. The magistrate judge found both parties had failed to meet their obligations regarding the completion of the renovations.

Plaintiff also argues that Defendant made no effort to cure its breach under the Lease. The magistrate judge found that Defendant failed to meet all its obligations. The issue of whether Defendant made no effort to cure its breach was not extensively addressed. But this factor is not that insightful in this case. After all, Defendant terminated the agreement. Of course, it is not going to cure its breach when the agreement has been terminated. As the factor provides, failure to cure is to be considered along with all the circumstances. That is what the law requires and that is what the magistrate judge considered in making his recommendation.

The magistrate judge found that the parties' failures regarding their respective duties regarding completing the renovations were not material [Doc. 40, pg. 22]. The lease provided that if Defendant did not complete the renovations on time then certain rent would be abated. If Plaintiff did not fulfill its obligations of choosing materials, then Defendant had no obligation to install the

5

materials. The Court finds that the magistrate judge's evaluation of their conduct was proper. Plaintiff's objections in this regard are OVERRULED.

**B.    Plaintiff objects to the magistrate judge's conclusion that it breached the Lease Agreement by not paying its tax obligations.**

Plaintiff's next objection is to the magistrate judge's finding that it had breached its obligation to pay the property taxes [Doc. 42, pg. 10]. Its first argument here is that Defendant committed the first material breach of the Lease Agreement and is not entitled to damages. [*Id.*]. Presumably the argument is that if Defendant breached first, then that breach relieved Plaintiff from performance under the agreement – that is, not only would rent abate, but so would the obligation to pay property taxes, and for that matter, all other financial obligations under the lease. To reach this conclusion, the Court would have to ignore the terms of the parties' agreement. It does not provide for that as a remedy. Instead, when Defendant did not timely complete the renovations, rent abated. The agreement was not suspended such that Plaintiff could continue to occupy the Country Club with absolutely no further financial obligations.

Plaintiff argues that it "satisfied its tax obligations through its payments to Plaintiff." [Doc. 32, pg. 11]. The evidence does not support that. In fact, Plaintiff, knowing that it had not paid the taxes, argues that the rent that it wrongfully paid Defendant should be credited against its tax obligation. There are at least two problems with this argument. First, the Lease Agreement does not provide for such a setoff. Second, Plaintiff specifically asked Defendant to credit the amount of rent it claimed it wrongfully paid against its future *rent* obligations, not against its tax obligations [Doc. 28, Exhibit 16 to the hearing before the Magistrate Judge].

The Lease Agreement permitted some rent abatement for not completing the renovations in the time frame agreed to in the Lease; it did not excuse Plaintiff's obligation to pay taxes in the event the renovations were not completed [Doc. 1-1, ¶ 12]. The magistrate judge properly

concluded that those rent payments were not credited against Plaintiff's tax obligation, and that Plaintiff's failure to pay those taxes was a material breach of the Lease Agreement. Plaintiff's objection is OVERRULED.

**C.** **Plaintiff's objection to the magistrate judge's finding that it had failed to fulfill its obligations in the Third Phase Interior Improvement.**

Plaintiff objects to the magistrate judge's finding that it also breached its obligations under the lease regarding the Third Phase Interior Improvement. The Court has reviewed the magistrate judge's findings in this regard. The magistrate judge found that both parties had failed to live up to the terms of the lease agreement, but that neither of their failings resulted in a material breach of the lease. Plaintiff's objections are the same issues it raised before the magistrate judge. The Court has reviewed *de novo* the magistrate judge's findings in this regard and do not find that his treatment of both parties' conduct and the legal findings stemming from those findings are contrary to law. Fed.R.Civ.P. 72(a) and (b)(3). In reviewing the magistrate judge's legal findings, the Court finds that whether Plaintiff fulfilled its obligations for the completion of this renovation phase is not material to the resolution of this case. Even assuming it did, it still materially breached the lease agreement by failing to pay the property taxes.

**D.** **Plaintiff's objection to the application of the Tennessee unlawful detainer statute, Tenn. Code Ann. § 29-18-101 *et seq*.**

Plaintiff objected to the Report applying Tennessee's unlawful detainer statute, T.C.A. § 29-18-101 *et seq.* to these facts. Plaintiff cites no case law in support of that argument, and the Court has found none. Federal Rule of Civil Procedure 64(a) gives federal courts jurisdiction to impose every remedy available under the laws of state where the court is located to secure satisfaction of a potential judgment. Defendant cites to numerous cases across the country that have used Rule 64(a) to apply a state's unlawful detainer statute when a case is before the court on

diversity grounds. The magistrate judge did as well. The Court finds no merit to this argument, and this objection is OVERRULED.

**E.      Plaintiff's various factual objections**

Plaintiff objects to "portions of the testimony of Mr. Waters, as well as the Magistrate [Judge's] findings of facts." [Doc. 42, pg. 15]. Plaintiff's objection is to portions of Mr. Walters' testimony "related to the golf superintendent and Brian Ross with JASA." [Doc. 42, pg. 16]. It states that this testimony is inadmissible hearsay. Plaintiff does not explain the importance of this evidence, and the Court does not find it material to resolving Defendant's motion.

Plaintiff next argues the magistrate judge erred in finding "issues of material fact surrounding [Defendant's] claims as to extra-contractual or post-contractual agreements." [Doc. 42, pg. 17]. Plaintiff contends "There are no disputed facts as to what the term of and enforceability of the Lease, which both parties acknowledge and admitted was a valid Lease Agreement in the prior pleadings." [*Id.*]. The magistrate judge based its recommendation to grant Defendant's motion for possession on Plaintiff's failure to pay taxes, that the failure was a material breach of the agreement, that justified Defendant terminating the lease, and seeking Plaintiff's eviction. Any post- contractual agreements can be resolved at a trial on damages, if any be proved. This objection is OVERRULED.

**IV.     CONCLUSION**

Plaintiff's objections [Doc. 42] to the Report and Recommendation are **OVERRULED**. After consideration of the record as a whole and after careful consideration of the Report and Recommendation, and for the reasons set forth in that Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED** and **APPROVED** [Doc. 40] and that Defendant's Motion for Judgment for

Possession [Doc. 15] is **GRANTED**. Plaintiff's Motion for a Hearing [Doc. 44] on its Objections is **DENIED AS MOOT**.

SO ORDERED:

s/ Clifton L. Corker<br>United States District Judge